# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| KENDALL K. CANNY, | |
| Plaintiff, | No. C02-2046-LRR |
| vs. | **ORDER** |
| JO ANN BARNHARD, Commissioner of Social Security, | |
| Defendant. | |

_____

## I. *INTRODUCTION AND BACKGROUND*

Plaintiff Kendall K. Canny applied for Title II Social Security benefits on August 18, 1997 alleging an inability to work since June 11, 1997 due to multiple sclerosis. Her application originally was denied and was denied again on reconsideration. Administrative Law Judge Andrew T. Palestini (the "ALJ") held a hearing on Plaintiff's entitlement to benefits on August 2, 2000. The ALJ held a supplemental hearing on September 28, 2000. By opinion dated March 8, 2001, the ALJ denied benefits. The Appeals Council denied Plaintiff's request for review on June 27, 2002 and Plaintiff timely filed this action for judicial review on July 10, 2002.

On August 8, 2003, Chief Magistrate Judge John A. Jarvey issued a Report and Recommendation with respect to Plaintiff's request for judicial review of the ALJ's decision to deny benefits. Chief Magistrate Judge Jarvey recommended this case be resolved in favor of Plaintiff and that it be remanded for an award of benefits. Neither party filed objections to Chief Magistrate Judge Jarvey's Report and Recommendation.

On September 10, 2003, the court adopted Chief Magistrate Judge Jarvey's Report

and Recommendation. The Clerk of Court entered judgment in Plaintiff's favor on September 11, 2003 and Plaintiff's case was reversed and remanded to the ALJ for an award of benefits.

On October 8, 2003, Plaintiff filed an Application Pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504A(1), and an Affidavit in Support of Bill of Costs and Amendment to Equal Justice Act Application (together the "Application"). Defendant responded to Plaintiff's Application, stating Plaintiff and Defendant agreed to an award of EAJA fees in the amount of $4,500.00. The court granted Plaintiff's Application in the amount of $4,500.00.

The matters before the court are Plaintiff's Petition for Attorney Fees Under Social Security Act § 206(b)(1) (docket no. 32) filed on November 10, 2004 and Plaintiff's Amended and Substituted Petition for Attorney Fees under 42 U.S.C.§ 406(b)(1) (docket no. 34) filed on November 18, 2004 (together the "Petition for Attorney's Fees"). Defendant filed a response to Plaintiff's Petition for Attorney's Fees on November 23, 2004.

## II. LEGAL ANALYSIS

Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), provides for an award of attorney's fees upon "a judgment favorable to a claimant." 42 U.S.C. § 406(b)(1)(A). Thus, as part of its judgment in favor of a claimant seeking benefits under the Social Security Act, the court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. *Id.*

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the United States Supreme Court concluded § 406(b) allows for contingent-fee arrangements, but "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The Court further noted Congress has "provided one

2

boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)(1)(A)). Thus, a successful claimant's attorney must show "that the fee sought is reasonable for the services rendered." *Id.*

The record reflects Plaintiff and her attorney entered into a contingent-fee agreement pursuant to which Plaintiff agreed she would pay to her attorney "a fee equal to twenty-five percent (25%) of the past[-]due benefits resulting from [her] claim(s) plus any out-of-pocket expenses which [her] representative . . . incurred in acquiring information to be presented to the Social Security Administration." Thus, in the Petition for Attorney's Fees under consideration here, Plaintiff seeks $2,809.25, which represents the total amount of fees to which Plaintiff alleges her attorney is entitled under the contingent-fee agreement, which is $7,309.25, less the $4,500.00 the court awarded to Plaintiff's attorney under the EAJA. Plaintiff points out she has not yet received her award letter of past-due benefits from the Social Security Administration, but Plaintiff indicates she has been informed by the Social Security Administration that total benefits will be paid to Plaintiff in the amount of $29,237.00. Plaintiff therefore contends the amount of attorney's fees she seeks in this matter is reasonable and therefore is properly awarded under 42 U.S.C. § 406(b)(1)(A).

Defendant contends in response Plaintiff's Petition for Attorney's Fees is premature because the Social Security Administration is attempting to resolve an issue of Plaintiff's work and therefore Plaintiff has not yet received her award of past-due benefits. Defendant further contends, to the extent Plaintiff's attorney is entitled to fees under 42 U.S.C. § 406(b)(1)(A), Plaintiff's attorney must give to Plaintiff the lesser of the amount of fees awarded under the EAJA and the amount of fees awarded under § 406(b)(1)(A). Finally, Defendant argues Plaintiff's Petition for Attorney's Fees lacks the information

necessary to determine the reasonableness of the award sought.

The court agrees with Defendant that Plaintiff's Petition for Attorney's Fees has been filed prematurely because Plaintiff has not yet received her award of past-due benefits. While the court is perplexed as to why, when Plaintiff was awarded benefits on September 11, 2003, the Social Security Administration still has not finalized the amount of Plaintiff's past-due benefits, the court finds it is unable to rule on Plaintiff's Petition for Attorney's Fees until Plaintiff has received such award.

### III. CONCLUSION

In light of the foregoing, IT IS ORDERED Plaintiff's Petition for Attorney Fees Under Social Security Act § 206(b)(1) (docket no. 32) and Plaintiff's Amended and Substituted Petition for Attorney Fees under 42 U.S.C.§ 406(b)(1) (docket no. 34) are DENIED without prejudice. Plaintiff may refile her petition for attorney's fees under 42 U.S.C. § 406(b)(1)(A) upon receipt of her award of past-due benefits from the Social Security Administration. Upon doing so, Plaintiff should provide to the court documentation supporting the reasonableness of Plaintiff's fee request.

**SO ORDERED.**

**DATED** this 12th day of May, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA