# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

KENDALL K. CANNY,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

No. C02-2046-LRR

**ORDER**

---

    The matter before the court is Plaintiff's Attorney's Amended Petition for Attorney Fees Under 42 U.S.C. § 406(b)(1) (docket no. 40). Plaintiff previously filed a Petition for Attorney Fees Under Social Security Act § 206(b)(1) (docket no. 32), an Amended and Substituted Petition for Attorney Fees under 42 U.S.C. § 406(b)(1) (docket no. 34), and a Petition for Attorney Fees Under 42 U.S.C. § 406(b)(1) (docket no. 37). On May 12, 2005, this court denied without prejudice Plaintiff's first two petitions because she had not received an award letter or her award of past-due benefits from the Social Security Administration (docket no. 36). On July 13, 2005, this court denied Plaintiff's third petition without prejudice because she still had not attached her award letter from the Social Security Administration to the petition (docket no. 39).

    Plaintiff's attorney filed the most recent amended petition for attorney fees pursuant to 42 U.S.C. § 406(b)(1) on July 20, 2005 (docket no. 40). For the first time, Plaintiff provided the court with a copy of the award letter she received from the Social Security Administration. Plaintiff seeks $7,309.25 in attorney fees. On July 25, 2005, Defendant Jo Anne B. Barnhart, Commissioner of Social Security, filed a response (docket no. 41).

Defendant does not object to an award of $7,309.25 in attorney fees so long as Plaintiff complies with the Social Security Act ("SSA").

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), this court has conducted an independent review of the contingent-fee arrangement in this matter. *Id.* at 807 (calling for an "independent check" of contingent-fee arrangements by the court "to assure that they yield reasonable results in particular cases"). The court finds Plaintiff's attorney's request for $7,309.25 in attorney fees, which represents 33.25 hours of attorney work at approximately $220.00 per hour, is a reasonable request, given the award of $29,237.00. The award letters indicate more than the requested amount of attorney fees has been withheld by the Social Security Administration from the past due benefits, or from the "total amount of benefits payable under title II of the [SSA] to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made." 20 C.F.R. § 404.1703 (2002).

Plaintiff's attorney previously applied for and received $4,500.00 in attorney fees under the Equal Access to Justice Act ("EAJA") (docket nos. 29, 30, and 31). Attorneys are not entitled to keep attorney fees collected under both the EAJA and the SSA. *See Talbott v. Bowen*, 832 F.2d 111 (8th Cir. 1987) (explaining that an attorney may not accept duplicate attorney fees under the EAJA and a contingent-fee arrangement). Pursuant to the Social Security Act, "where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b)] and EAJA, the claimant's attorney [must refund] to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186.

For the foregoing reasons, **IT IS ORDERED:**

(1) Plaintiff's Attorney's Amended Petition for Attorney Fees Under 42 U.S.C. § 406(b)(1) (docket no. 40) is **GRANTED**.

(2) Pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1), the court orders the Defendant to pay attorney fees of $7,309.25 in this matter.

(3) Plaintiff's attorney is ordered to refund to Plaintiff the $4,500.00 fee previously awarded under the EAJA.

**IT IS SO ORDERED.**

**DATED** this 19th day of August, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA